IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ALFONZIA BILES and TONYA BILES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 2:17-cv-2625-SHM-tmp |
| NATIONSTAR MORTGAGE LLC and NATIONSTAR MORTGAGE HOLDINGS, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings on Plaintiffs' Second Amended Complaint, filed on May 24, 2018 ("Second Motion for Judgment on the Pleadings"). (ECF No. 32.) On July 18, 2018, the Court entered an Order granting the Second Motion in part and reserving a decision on the remaining part. (ECF No. 45.) The Court ordered the parties to brief whether Plaintiffs' remaining claims were barred by the statute of limitations. (Id.) The parties filed their supplemental briefs on July 23, 2018, and July 25, 2018. (ECF Nos. 46-47.) Plaintiffs responded on August 1, 2018. (ECF No. 50.)

For the following reasons, Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' claim for Intentional Infliction of Emotional Distress ("IIED") is GRANTED. That claim is DISMISSED as time-barred. Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' § 1981 and § 1691 claims is DENIED.

## I. Background

Plaintiffs are African-American residents of Tennessee. (Second Am. Compl., ECF No. 30 ¶ 1.) Plaintiffs built a structure at 8804 Brunswick Farms Drive, Arlington, Tennessee (the "Property"). (Id. ¶ 4.) They financed that structure with a loan evidenced by a promissory note and secured by a deed of trust. (Id. ¶ 5.)

On May 28, 2014, Plaintiffs "submitted a facially complete loan modification application" to Defendants. (Id. ¶ 6.) Defendants did not acknowledge receipt of the application within five days of receipt. (Id.) They did not evaluate the application within 30 days of receipt. (Id.)

Defendants sent Plaintiffs letters on June 3, 2014, July 10, 2014, and July 31, 2014, that purport to show that the application had no deficiencies. (Id. ¶ 8.)

On or about September 25, 2014, Defendants continued foreclosure proceedings on Plaintiffs' Property. (Id. ¶ 9.)[1] The Property was foreclosed on October 28, 2014. (Id. ¶ 10.)

US Bank purchased the Property at the foreclosure auction. See Biles v. Roby, No. W201602139COAR3CV, 2017 WL 3447910, at *1 (Tenn. Ct. App. Aug. 11, 2017), appeal denied (Jan. 22, 2018). US Bank recorded its substitute trustee's deed in November 2014. Id. In December 2014, US Bank filed a detainer action against Plaintiffs in Shelby County Circuit Court because Plaintiffs refused to vacate the Property (the "2014 US Bank Action"). Id.

In February 2015, Tiffany Roby purchased the Property from US Bank. Roby, 2017 WL 3447910, at *1. US Bank conveyed the Property to Roby by special warranty deed, which was promptly recorded. Id. Because Plaintiffs remained in possession of the Property, Roby filed a detainer action against them in Shelby County General Sessions Court (the "2015 Roby Action"). Id. The court found that Roby was entitled to possession of the Property. Id.

Plaintiffs filed a petition for writs of certiorari and supersedeas seeking de novo review in Shelby County Circuit Court. Id. Plaintiffs asserted claims for wrongful foreclosure and alleged numerous violations of provisions of

---

[1] Plaintiffs do not allege whether foreclosure proceedings began on September 25, 2014, or on an earlier date.

the deed of trust and federal regulations. Id. They also argued that Roby had never acquired valid title and that Roby's detainer action should be dismissed on the basis of the US Bank detainer action, which was pending at the time. Id.

US Bank dismissed its detainer action without prejudice on August 14, 2015. (ECF No. 31-3.)

The Circuit Court tried the case on September 2, 2015. Id. It concluded that US Bank had validly acquired title to the Property and that title to the Property vested in the subsequent purchaser, Roby. Id. The Circuit Court also concluded that Roby was entitled to possession of the Property as the valid owner of the fee simple interest in the Property. Id. Plaintiffs appealed. Id.

On August 11, 2017, the Tennessee Court of Appeals addressed, inter alia, whether "the foreclosure sale [was] void due to the lack of evidence that US Bank transmitted a valid acceleration letter to Mr. and Mrs. Biles;" whether "US Bank [had] the right to enforce the promissory note;" whether "the foreclosure sale [was] void due to the loan modification package submitted by Mr. and Mrs. Biles;" and whether "Ms. Roby [was] in privity with US Bank such that her detainer action was barred by the prior suit pending doctrine[.]" Id. at *2. The Court of Appeals concluded that the Circuit Court did not err when it held that initiating the foreclosure process before

evaluating Plaintiffs' loan modification application did not render the foreclosure auction void. Id. at *3-4.

On August 28, 2017, Plaintiffs filed a complaint against Defendants in this Court. (ECF No. 1.) Plaintiffs filed an amended complaint the same day. (ECF No. 2.) Plaintiffs brought four causes of action against Defendants: (1) violation of 12 U.S.C. § 2605, (2) violation of 15 U.S.C. § 1691, (3) violation of 42 U.S.C. § 1981, and (4) intentional infliction of emotional distress. (See id.) Plaintiffs sought actual and statutory damages pursuant § 2605, § 1024.41, § 1988(b), and § 1691e(d), and punitive damages pursuant to § 1691e(b). (Id. at 16.) Defendants answered on October 2, 2017. (ECF No. 14.)

On November 29, 2017, Plaintiffs filed a Motion to Amend, seeking to include new allegations to support Plaintiffs' claims under 12 U.S.C. § 2605, 15 U.S.C. § 1691, and 42 U.S.C. § 1981. (ECF No. 17.) Defendants responded on December 12, 2017. (ECF No. 21.)

On February 28, 2018, Defendants filed the First Motion for Judgment on the Pleadings. (ECF Nos. 25-26.)

On April 25, 2018, the Court granted in part and denied in part Plaintiffs' Motion to Amend. (ECF No. 29.) The Court granted amendments to Plaintiffs' claims under 12 U.S.C. § 2605(f), 15 U.S.C. § 1691e, and 42 U.S.C. § 1981. (Id. at

137.) The Court denied amendments to Plaintiffs' claim under 12 U.S.C. § 2605(k). (Id.)

On May 10, 2018, Plaintiffs filed a Second Amended Complaint that complied with the Court's April 25, 2018 Order. (Second Am. Compl., ECF No. 30.) The same day, Plaintiffs responded to Defendant's First Motion for Judgment on the Pleadings. (ECF No. 31.) Because Plaintiffs' Second Amended Complaint had become the operative complaint, Defendants' First Motion for Judgment on the Pleadings was DENIED as MOOT.

On May 24, 2018, Defendants filed their Second Motion for Judgment on the Pleadings. (ECF Nos. 32-33.) Plaintiffs responded on June 27, 2018. (ECF No. 38.)

On July 18, 2018, the Court entered an Order granting in part and reserving in part Defendants' Second Motion for Judgment on the Pleadings. (ECF No. 45.) Defendants' Second Motion was granted on Plaintiffs' RESPA claims. Those claims were dismissed. (Id. at 256.) A decision was reserved on Plaintiffs' 15 U.S.C. § 1691 and 42 U.S.C. § 1981 claims. (Id.) The parties were ordered to brief whether Plaintiffs' § 1981, § 1691, and IIED claims are barred by the statute of limitations. (Id.)

On July 23, 2018, Plaintiffs filed a supplemental brief, arguing that Plaintiffs' § 1981 claims are subject to a four-year statute of limitations, their § 1691 claims are subject to

a five-year statute of limitations, and their IIED claims are subject to a one-year statute of limitations that has been tolled. (ECF No. 46.) Defendants filed a supplemental brief on July 25, 2018, arguing that Plaintiffs' IIED and § 1981 claims are time-barred by a one-year statute of limitations. (ECF No. 47.) Defendants concede that Plaintiffs' § 1691 claims are not time-barred. (Id.) On August 1, 2018, Plaintiffs filed a response to Defendants' supplemental brief. (ECF No. 50.)

## II. Standard of Review

The standard of review for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). EEOC v. J.H. Routh Packing Co., 246 F .3d 850, 851 (6th Cir. 2001) (citation omitted.)

Rule 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss is designed to test whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless

cases that would waste judicial resources and result in unnecessary discovery. See <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. <u>Iqbal</u>, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." <u>Ass'n of Cleveland Fire Fighters v. City of Cleveland</u>, 502 F.3d 545, 548 (6th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record,

orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991).

## III. Analysis

Defendants argue that Plaintiffs' IIED and § 1981 claims are time-barred. (ECF No. 46.) Defendants also argue that Plaintiffs' § 1981 and § 1691 claims are legally deficient. (ECF No. 33 at 180-81.)

### A. Statute of Limitations

#### 1. IIED

The parties agree that claims for IIED are subject to a one-year statute of limitations. (ECF No. 46 at 260 n.3; ECF No. 47 at 278.)

Defendants contend that Plaintiffs' IIED claim is time-barred because "Plaintiffs filed their Original Complaint on August 28, 2017 -- almost three (3) years after the Property had been sold in foreclosure on or around October 28, 2014. . . . Plaintiffs knew, or should have known, about

[Defendants'] alleged wrongdoings and Plaintiffs' alleged injury by October 24, 2014." (ECF No. 47 at 279.)

Plaintiffs contend that:

> Pursuant to Rule 41.01(3), statutes of limitation are tolled until the final order is entered. Any previous order would be unenforceable as interlocutory. Discover Bank v. Morgan, 363 S.W.3d 479, 488 (Tenn. 2012). The final order was entered on October 30, 2017 and thus the IIED state law claims will not expire until October 30, 2018.

(ECF No. 46 at 260 (footnote omitted).)

This Court has federal-question jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over their related state law claims under 28 U.S.C. § 1367. (See April 25, 2018 Order, ECF No. 29 at 126.) State law governs the timeliness of state claims based on supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). Tennessee law determines whether a statute of limitations has been tolled for Plaintiffs' IIED claims. Id.

Tennessee Rule of Civil Procedure 41.01(3) provides: "A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods."

To the extent Plaintiffs argue that their IIED claims against Defendants were tolled by their voluntary dismissal of

counter claims against US Bank in the US Bank Action, that argument fails. On October 17, 2017, the Tennessee Circuit Court entered an Order Dismissing Counter-Complaint Case Without Prejudice based on Plaintiffs' voluntary dismissal of those claims. (US Bank v. Biles et al, No. CT-005419-14 (Tenn. Cir. Ct. 30th D. Mem. Oct. 30, 2017)). Plaintiffs asserted no IIED claims against Defendants in that action. No IIED claims against Defendants could have been tolled by Rule 41.01(3).

Discover Bank does not support Plaintiffs' tolling proposition. Discover Bank addressed relief from a default judgment and did not discuss tolling of the statute on tort claims. See 363 S.W.3d at 479.

Because Plaintiffs' IIED claims are subject to a one-year statute of limitations, and because the statute was not tolled, Plaintiffs' IIED claims are time-barred. Those claims are DISMISSED.

### 2. 42 U.S.C. § 1981

Defendants argue that Plaintiffs' § 1981 claims are subject to a one-year statute of limitations because those claims arise under a pre-1990 version of 42 U.S.C. § 1981. (ECF No. 47 at 280-81.) Plaintiffs argue that their § 1981 claims are subject to a four-year statute of limitations because their claims arise under a post-1990 version. (ECF No. 46 at 459.)

In 1990, Congress added a new subsection to § 1981 --- subsection (b) -- expanding § 1981 to reach a universe of post-contract-formation conduct that was previously non-actionable. Compare Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989) (concluding that pre-amendment § 1981 did not cover "post-formation conduct . . . implicat[ing] the performance of established contract obligations and the conditions of continuing employment. . . ."), with 42 U.S.C. § 1981(b) ("[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."). Because the amendment to § 1981 was an expansion and not a clarification of existing law, Rivers v. Roadway Exp., Inc., 511 U.S. 298, 313 (1994), some conduct will arise under pre-amended § 1981 -- subsection (a) -- and some conduct will arise under post-amendment § 1981 -- subsection (b). The distinction is dispositive in identifying the applicable statute of limitations. If a claim arises under subsection (a), the court must select the most appropriate or analogous state statute of limitations. If a claim arises under subsection (b), the four-year "catchall" statute of limitations for any claim arising under a federal statute enacted after December 1, 1990, is

triggered.  See 28 U.S.C. § 1658(a); Anthony v. BTR Auto.
Sealing Sys., Inc., 339 F.3d 506, 514 (6th Cir. 2003).

Formation claims under § 1981(a) are subject to the one-
year statute of limitations in Tenn. Code Ann. § 28-3-104.  See
Anthony, 339 F.3d at 512.  Formation claims under § 1981(b) are
subject to the federal four-year statute of limitations.  See
Jones v. R.R. Donnelly & Sons, 541 U.S. 369, 372-73 (2004).

Defendants argue that Plaintiffs' claim arises under
subsection (a) because Plaintiffs allege that Defendants
"interfered with [Plaintiffs'] right to contract for a loan
modification . . . because of their race." (ECF No. 47 at 280-
81.)   Plaintiffs argue that "[l]oan modifications clearly
constitute post-formation activity and resulting claims are
subject to the 4-year statute of limitation." (ECF No. 46 at
259 (footnote omitted).)   Plaintiffs contend that "[l]oan
modifications are distinct transactions from loan refinancings"
because "[r]efinancings occur when an old mortgage is cancelled
and a new one is made" and loan modifications do not. (ECF No.
50 at 287.)

The dispute turns on whether Plaintiffs' claim that they
were denied the opportunity for a loan modification based on
race addresses discrimination pre-formation or discrimination
post-formation.  Few courts have addressed the question.  The
parties cite no authority, and the Court finds none, that

13

resolves the issue. One court acknowledged the issue, but failed to reach the merits. <u>Thomason v. One W. Bank, FSB</u>, No. 2:12-cv-604-MHT, 2017 WL 4341863, at *6 (M.D. Ala. Mar. 1, 2017) (applying two-year Alabama statute of limitations to § 1981 claim for discrimination in the loan modification process), <u>report and recommendation adopted with exceptions and caveats</u>, No. 2:12CV604-MHT, 2017 WL 1095042 (M.D. Ala. Mar. 22, 2017) (declining to dismiss § 1981 claims based on statute of limitations based on plaintiff's objection that four-year statute of limitations under 42 U.S.C. § 1658 applies, and reserving issue for summary judgment).[2]

Because a loan modification is a post-formation transaction, Plaintiffs' § 1981 claim arises from post-formation discrimination. <u>See</u> 42 U.S.C. § 1981(b) ("[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."). Plaintiffs' claims are subject to a four-year statute of limitations and are not time-barred.

**B. Legal Sufficiency & Failure to State a Claim**

---

[2] On summary judgment, plaintiff's § 1981 claims were dismissed for "fail[ing] to meet his prima facie burden[.]" <u>Thomason v. One W. Bank, FSB</u>, No. 2:12-cv-604-MHT-tfm, 2018 WL 1474908, at *8 (M.D. Ala. Feb 12, 2018), <u>report and recommendation adopted sub nom. Thomason v. One W. Bank</u>, No. 2:12-cv-604-MHT, 2018 WL 1474537 (M.D. Ala. Mar. 26, 2018).

Defendants argue that Plaintiffs' claims under 15 U.S.C § 1691 and 42 U.S.C § 1981 are legally insufficient or fail to state a claim. (ECF No. 33 at 180-81.)

### 1. 15 U.S.C. § 1691

Defendants concede that Plaintiffs' race-based discrimination claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, et seq., is not time-barred (ECF No. 47 at 280), but argue that it is "conclusory and factually deficient" (ECF No. 33 at 180).

The ECOA prohibits a creditor from taking an adverse action against any credit applicant "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). "To establish a prima facie case of discrimination under . . . the ECOA, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a loan; (3) the loan application was rejected despite his or her qualifications; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff." Hood v. Midwest Sav. Bank, 95 F. App'x 768, 778 (6th Cir. 2004) (citations omitted).

Defendants argue that Plaintiffs make only threadbare, conclusory allegations that Defendants engaged in discrimination based on race. (ECF No. 33 at 179-81.)

Defendants cite two cases to support the proposition that Plaintiffs' ECOA claim is legally deficient: (1) In re Johnson, No. 09-49420, 2014 WL 4197001 (Bankr. E.D.N.Y. Aug. 22, 2014); and (2) Williams v. Wells Fargo Bank, N.A., No. CV161003PGSTJB, 2016 WL 4370033 (D.N.J. Aug. 10, 2016).

In In re Johnson, plaintiff alleged that:

> Morgan Stanley routinely purchased loans with excessive debt-to-income ratios, dictated the types of loans that Lend America issued, purchased and securitized mortgage loans from Lend America where the loan-to-value ratio exceeded 100 percent, required Lend America to issue loans with adjustable rates and prepayment penalties, provided the necessary funding that allowed Lend America to remain in business, and purchased loans that deviated substantially from basic underwriting standards.

In re Johnson, 2014 WL 4197001, at *19. Plaintiff argued that, "because Lend America made loans in reliance on Wells Fargo and Bank of America repurchasing them in the secondary market, Wells Fargo's and Bank of America's policies of purchasing mortgages in the secondary market had a disparate impact on Lend America's customers." Id. The bankruptcy court dismissed plaintiff's ECOA claim, concluding that plaintiff

> has not alleged facts -- as opposed to conclusions -- sufficient to show that he was the victim of discrimination in connection with his home loan application. Nor has he alleged facts -- as opposed to conclusions -- sufficient to show that the Defendants' implementation of the "Discretionary Pricing Policy" had a racially discriminatory disparate impact that adversely affected African-American applicants for credit.

16

Id. at *21. Unlike the plaintiff in In re Johnson, Plaintiffs have alleged facts showing that they were victims of discrimination in the treatment of their loan modification application. (Second Am. Compl., ECF No. 30 ¶¶ 6-11.) Plaintiffs have also alleged facts showing that the disparate treatment adversely affected them, leading to the foreclosure of the Property. (Id.)

In Williams, "Plaintiff allege[d] that Defendant discriminated against him when he applied to Wells Fargo for mortgage lending from 2012-2016 and was rejected." 2016 WL 4370033, at *3. The court dismissed plaintiff's ECOA claim because "Plaintiff only makes conclusory allegations that Wells Fargo provided lending on better terms to similarly-qualified white borrowers." Id. at *4. The court concluded that those conclusory allegations were insufficient and were unsupported by facts. Id.

Williams is unpersuasive. A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. Other courts have denied motions to dismiss even where the complaint merely alleged the lender provided better terms or services to a similarly-

qualified, non-minority borrower. See, e.g., Miller v. Countrywide Bank, N.A., 571 F. Supp. 2d 251, 259 (D. Mass. 2008); Floyd-Keith v. Homecomings Fin., LLC, No. 209-cv-769-WKW, 2010 WL 231575, at *2 (M.D. Ala. Jan. 14, 2010).

Plaintiffs' Second Amended Complaint alleges that they are African American. (Second Am. Compl., ECF No. 30 ¶ 1.) Plaintiffs allege that they were "at all material times qualified to receive a loan modification" under Defendants' guidelines, policies, and procedures. (Id. ¶ 6.) They allege that on May 28, 2014, Plaintiffs "submitted a facially complete loan modification application to Defendant Nationstar Mortgage LLC." (Id.) They allege that Defendants reported no deficiencies in Plaintiffs' application between June 3, 2014, and July 31, 2014, but that on September 25, 2014, Defendants "caused the transmission and publication of the Notice of Trustee's sale to continue the non-judicial foreclosure process while [Plaintiffs'] modification application was pending." (Id. ¶ 8.) Plaintiffs allege that foreclosure was completed on October 24, 2014, while their application was pending. (Id. ¶ 10.) Defendants effectively rejected Plaintiffs' application by completing foreclosure proceedings. Plaintiffs also allege that, during this time, Defendants "continued to evaluate loan modification applications of similarly situated Caucasian

applicants and continued to consummate loan modifications with similarly situated Caucasian applicants." (Id. ¶ 11.)

Plaintiffs sufficiently allege a claim for discriminatory lending practices, in violation of the ECOA. The alleged facts give rise to a fair inference that Plaintiffs' loan modification application was rejected, while similarly situated Caucasians' loan modifications were not. Whether those allegations are true is a question of proof rather than a question of adequacy of the pleadings.

Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' § 1691 claim is DENIED.

### 2. 42 U.S.C. § 1981

Defendants argue that Plaintiffs' race-based discrimination claim under the 42 U.S.C. § 1981, is "conclusory and factually deficient." (ECF No. 33 at 181.) Defendants contend that Plaintiffs have failed to "establish that Nationstar treated them 'differently than others outside of the protected class who were similarly situated.'" (Id. (quoting Williams, 2016 WL 4370033, at *11).)

To state a *prima facie* claim for relief under 42 U.S.C. § 1981, a plaintiff must allege: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities

enumerated in § 1981. <u>King v. City of Eastpointe</u>, 86 Fed. Appx. 790, 800 (6th Cir. 2003); <u>Hamby v. Parker</u>, No. 3:17-cv-01480, 2018 WL 1794729, at *6 (M.D. Tenn. Apr. 16, 2018).

Plaintiffs allege that they are African American and that Defendants knew Plaintiffs were African American. Plaintiffs allege an activity covered by § 1981, modification of a contract. They allege that Defendants "extended modifications to similarly situated Caucasian borrowers" and that "Nationstar's failure to consider or evaluate the application was the proximate result of racial animus." (Second Am. Compl., ECF No. 30 ¶ 17.) Plaintiffs have sufficiently stated a claim under § 1981.

Defendants argue that Plaintiffs must also allege that they were treated differently than those similarly situated, but outside the protected class. (ECF No. 33 at 181.) That is a requirement under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). The requirements under <u>McDonnell Douglas</u> are "an evidentiary standard, not a pleading requirement," and thus unnecessary to survive a motion to dismiss or motion for judgment on the pleadings. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 511 (2002); <u>Serrano v. Cintas Corp.</u>, 699 F.3d 884, 898 (6th Cir. 2012) (applying <u>Swierkiewicz</u> in the judgment on the pleadings context).

Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' § 1981 claim is DENIED.

## IV. Conclusion

For the foregoing reasons, Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' claim for Intentional Infliction of Emotional Distress is GRANTED. That claim is DISMISSED. Defendants' Second Motion for Judgment on the Pleadings on Plaintiffs' § 1981 and § 1691 claims is DENIED.

So ordered this 19th day of September, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE